# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

1

2

3

4

5

6

7

8

9 **STATE OF WASHINGTON**

**KING COUNTY SUPERIOR COURT**

10

11 STEVEN & SHEELAGH ODSATHER, and
the Marital Community Comprised Thereof,                    NO.

12
                                   Plaintiffs,
13               v.                                        PLAINTIFF'S COMPLAINT FOR
                                                           DAMAGES AND INJUNCTIVE
14 FAY SERVICING, LLC, a Delaware                          RELIEF FOR VIOLATIONS OF THE
   Limited Liability Company,                              WASHINGTON STATE CONSUMER
15 BENEFICIAL FINANCIAL I, INC., a                         PROTECTION ACT, AND FOR
   California Corporation, EQUIFAX                         DAMAGES FOR VIOLATIONS OF
16 INFORMATION SERVICES, LLC, a                            THE FEDERAL FAIR CREDIT
   Georgia Limited Liability Company, and                  REPORTING ACT AND THE FAIR
17 TRANS UNION LLC, a Delaware                             DEBT COLLECTION PRACTICES
   Limited Liability Company,                              ACT, *INTER ALIA*
18
19
                                   Defendants.
20

21          COME NOW, Plaintiffs, STEVEN & SHEELAGH ODSATHER, and the Marital

22 Community Comprised Thereof, by and through their attorney, SARAELLEN HUTCHISON,

23 and complains against the Defendants as follows:

24          I.      **STATEMENT OF THE CASE**

25          This is an action for damages and injunctive relief to prevent further harm to Plaintiff

26 and to prevent Defendants' future violations of state and federal consumer protection laws.

PLAINTIFFS' COMPLAINT                         1          Law Office of SaraEllen Hutchison, PLLC
                                                        2367 Tacoma Avenue South | Tacoma, WA 98402
                                                        Ph (206) 529-5195 | Fax (253) 302-8486
                                                        saraellen@saraellenhutchison.com

## II.   PARTIES

2.1     Plaintiff, STEVEN & SHEELAGH ODSATHER, and the Marital Community Comprised Thereof, (hereinafter "Plaintiffs") reside in the city of Bellevue, in King County, Washington.

2.2     Defendants, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and TRANS UNION LLC ("Trans Union") (collectively also "CRAs") are "credit reporting agencies" as defined by the FCRA, 15 U.S.C. §1681a(f).

2.3     Equifax is a Georgia limited liability company doing business in Washington State pursuant to UBI number 602126257.

2.4     Trans Union is a Delaware limited liability company doing business in Washington pursuant to UBI number 601922824.

2.5     CRAs are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

2.6     CRAs disburse such consumer reports to third parties under contract for monetary compensation.

2.7     CRAs falsely and inaccurately reported that Plaintiffs had a mortgage loan account in foreclosure with Defendant FAY SERVICING, LLC ("Fay").

2.8     Fay is an Illinois Limited Liability Company doing business in Washington State pursuant to UBI number 602843420.

2.9     Fay is a "furnisher" within the meaning of the FCRA, 15 U.S.C. §1681s-2 et seq.

2.10    Fay holds a Washington State Collection Agency License.

2.11    Fay regularly collects defaulted consumer debts.

2.12    Fay purchased the account at issue in this lawsuit from Defendant BENEFICIAL FINANCIAL I, INC. ("Beneficial").

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

2.13    Fay is therefore a "debt collector" as defined by the FDCPA, a "collection agency" and a "licensee" as defined by the WCAA, a "business" as defined by the WCPA and acted as such at all times relevant to this complaint.

2.14    Beneficial is a California Corporation doing business in Washington State pursuant to UBI Number 602188012.

2.15    Beneficial is therefore a "business" pursuant to the Washington State Consumer Protection Act (WCPA).

2.16    Plaintiffs are therefore "consumers" as defined by the FCRA, 15 U.S.C. §1681a(c), and Plaintiffs acted as "consumers" at all times relevant to this litigation.

2.17    Plaintiffs are therefore "debtors" as defined by the Fair Debt Collection Practices Act (FDCPA), and the Collection Agency Act (WCAA) and "consumers" as that term is contemplated by the Consumer Protection Act (WCPA), and Plaintiff acted as "debtors" and as "consumers" at all times relevant to this litigation.

### III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in King County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in King County Washington, and where the injury to Plaintiffs or some part thereof occurred in King County Washington, and where the Defendants have engaged in substantial business contacts in King County Washington, and where Defendants have already submitted to this jurisdiction by reporting credit information in this jurisdiction.  RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185 and 15 U.S.C. §1681p.

3.2    Defendants Fay, Equifax and Trans Union are liable unto Plaintiffs pursuant to the FCRA, 15 U.S.C. §1681 *et seq.* as well as other applicable state and federal laws.

3.3    Defendant Fay is liable unto Plaintiffs pursuant to the provisions of the Consumer Protection Act, RCW 19.86 *et seq.*, the Collection Agency Act, RCW 19.16 *et seq.*, the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 *et seq.* as well as other applicable state and federal laws.

    3.4    Defendant Beneficial is liable unto Plaintiffs pursuant to the provisions of the Consumer Protection Act, RCW 19.86 *et seq.*

## IV.   FACTS

    4.1    In 2001, Plaintiffs sold their house in Bellevue, Washington in a short sale.

    4.2    The Statutory Warranty Deed was recorded in King County December 14, 2001.

    4.3    The short sale resulted in a deficiency of $10,000.

    4.4    On May 13, 2002, Plaintiffs signed a promissory note with Defendant Beneficial for the amount of the deficiency, $10,000.

    4.5    The note Plaintiffs signed stated, in relevant part: "Remainder balance will be considered as an inactive charge-off, therefore we [Beneficial] will not pursue legal action for the remainder balance."

    4.6    Beneficial provided no payment instructions to Plaintiffs, despite Plaintiffs reaching out to Beneficial with questions.

    4.7    Beneficial responded with a letter dated October 22, 2002 which stated, in relevant part: "Account is considered: SETTLED IN FULL."

    4.8    After that, however, Beneficial continued to send Plaintiffs statements, which was confusing to Plaintiffs.

    4.9    In early 2003, Plaintiffs contacted Beneficial for clarification.

    4.10    Beneficial responded by sending a letter dated April 3, 2003 that stated that "all records have been lost."

    4.11    Beneficial responded by sending a second letter dated April 3, 2003 that stated, in relevant part: "This letter is to inform you that your account number **1712 is now paid in full. Thank you for doing business with our company."

PLAINTIFFS' COMPLAINT        4        
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

4.12    Over a decade went by, with no word from Beneficial.

4.13    Then out of the blue, in 2015, Beneficial started sending Plaintiff statements again that had added over $14,000 in interest to the original balance of the note and threatened foreclosure.

4.14    This was despite the fact that Beneficial had considered the note paid in full, and the note was not secured by any real property.

4.15    Plaintiffs attempted to resolve the matter on their own with Beneficial, with no success.

4.16    Plaintiffs paid a lawyer to attempt to resolve the matter with Beneficial, with no success.

4.17    A couple years after Plaintiffs thought Beneficial had gone away, however, Beneficial sold the note to Defendant Fay.

4.18    Plaintiffs received a Notice of Sale of Loan dated June 21, 2017 explaining the account had been sold from BENEFICIAL FINANCIAL I INC. to Fay.

4.19    The Notice of Sale stated, in relevant part:

**Date of Loan: 10/24/2002**
**Original Amount of Loan: $9,999.78**
**Date Your Loan was Sold to the New Lender: 6/1/2017**
**Address of Mortgaged Property: **** ***TH PL NE BELLEVUE WA 98004**

4.20    The notices repeatedly referred to the account as a "mortgage," even though in fact it was an unsecured deficiency note.

4.21    Afterward, Fay barraged Plaintiffs with "mortgage" statements.

4.22    Fay began sending Plaintiffs bills for lender-placed insurance.

4.23    Plaintiffs telephoned Fay multiple times to try to explain that the account had been considered paid by Beneficial back in 2003, and that they no longer owned the house.

PLAINTIFFS' COMPLAINT                    5          Law Office of SaraEllen Hutchison, PLLC
                                                          2367 Tacoma Avenue South | Tacoma, WA 98402
                                                          Ph (206) 529-5195 | Fax (253) 302-8486
                                                          saraellen@saraellenhutchison.com

4.24    Dealing with Fay was a nightmare for Plaintiffs.

4.25    Fay sent pre-foreclosure notices to Plaintiffs during August 2017.

4.26    In September and October 2017, Plaintiffs repeatedly mailed and emailed Fay copies of the original promissory note and the Statutory Warranty Deed and explained that they no longer owed the note and no longer owned the house.

4.27    Fay ignored all the facts Plaintiffs provided to Fay.

4.28    Then Plaintiffs discovered that in addition to the mess with the mortgage billing, Fay was trashing Plaintiffs' credit with Defendant Equifax and Defendant Trans Union.

4.29    On October 29, 2017, Plaintiffs obtained their credit reports and discovered that Fay was reporting the account on both Plaintiffs' Equifax and Trans Union credit reports as an open "mortgage" account that had started "foreclosure."

4.30    Despite Plaintiffs' multiple telephone and written communications to Fay disputing the debt prior to October 2017, the Fay debt was not marked as "disputed" on the October 29, 2017 Equifax or Trans Union credit reports.

4.31    On information and belief, Fay never informed Equifax and Trans Union that Plaintiffs disputed the debt.

4.32    Plaintiffs' credit scores with Equifax and Trans Union were therefore significantly lower than their credit scores with Experian, which was not reporting the Fay account.

4.33    On November 7, 2017, Plaintiffs mailed disputes to Equifax and Trans Union that attached the original 2002 Beneficial promissory note that stated it was charged off in 2002, and a copy of the Statutory Warranty Deed showing that Plaintiffs no longer owned the house.

4.34    Plaintiffs' November 7, 2017 disputes explained that the account should not be on their credit reports after 2009.

4.35    Equifax and Trans Union contacted Fay in response to Plaintiffs' disputes.

4.36   Fay provided information to Equifax and Trans Union in response.

4.37   Fay responded to Equifax and Trans Union and falsely verified the account as a mortgage loan that was 120 days past due as of September 2017.

4.38   Fay also failed to indicate the debt was disputed by Plaintiffs.

4.39   In a response dated November 16, 2017 to Plaintiff Steven Odsather, Trans Union updated Plaintiff Steven Odsather's credit report to reflect that the loan was paid, but with the false information that the account was a "mortgage loan" that would not be removed from his credit report until April 2021.

4.40   The November 16, 2017 response failed to indicate that the debt was disputed.

4.41   While Plaintiffs were waiting for the rest of the responses to their credit reporting disputes, Fay sent Plaintiffs a letter dated November 22, 2017 notifying Plaintiffs that Fay was cancelling its lender-placed insurance.

4.42   When Plaintiffs received this notice from Fay, Plaintiffs became very worried that Fay would attempt to charge off the debt that Fay should have known that Beneficial had long ago considered paid.

4.43   In responses dated December 4, 2017, Equifax informed Plaintiffs that Equifax had received additional information from Fay, verified the account belonged to Plaintiffs, and updated the Fay account as having a date of first delinquency in April 2014 and "foreclosure process started."

4.44   The December 4, 2017 responses failed to indicate that Plaintiffs disputed the debt.

4.45   In a response dated December 8, 2017 to Plaintiff Sheelagh Odsather, Trans Union updated Plaintiff Sheelagh Odsather's credit report to reflect that the loan was paid, but with the false information that the account was a "mortgage loan" that would not be removed from her credit report until March 2021.

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

4.46    The December 8, 2017 response failed to indicate that Plaintiff disputed the debt.

4.47    On December 18, 2017, Plaintiffs mailed disputes of the false information to Trans Union and Equifax, and again attached copies of the 2002 promissory note and Statutory Warranty Deed.

4.48    In response, Trans Union notified Plaintiffs that Trans Union had deleted the Fay account from Plaintiffs' credit reports.

4.49    Plaintiffs did not hear from Equifax after more than 30 days, so on February 1, 2018, they obtained their Equifax credit report and the Fay item appeared to be gone by that time.

4.50    That same day, however, Plaintiffs were shocked to receive, in the mail, two 1099-Cs (cancellation of debt) tax forms from Fay.

4.51    Fay sent Plaintiff Sheelagh Odsather a 1099-C for $10,000.

4.52    Fay also sent Plaintiff Steven Odsather a 1099-C for $10,000.

4.53    Fay, who on information and belief paid pennies on the dollar for an account that its predecessor-in-interest considered paid and closed 15 years ago, is now attempting to reduce its tax liability in the amount of $20,000 and transfer it onto Plaintiffs.

4.54    Plaintiffs are fearful that Fay's recent charging off of the paid and closed debt will cause Fay to update its credit reporting to put Plaintiffs right back where they started before they sent disputes.

4.55    Plaintiffs are in their seventies and have been renters since the short sale.

4.56    Due to their age and health problems, Plaintiffs would like to downsize to a condominium, but are afraid to apply for a mortgage until this Fay matter is cleaned up.

4.57    Now, it is tax season, and Plaintiffs urgently have to figure out how to deal with an additional $20,000 in inaccurate "income."

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486   \
saraellen@saraellenhutchison.com

4.58    Plaintiffs also need to purchase a new vehicle, but are afraid to apply for a vehicle loan until this Fay matter is cleaned up.

4.59    Defendants were notified repeatedly of the inaccuracies, but repeatedly ignored the facts.

4.60    This ordeal has caused Plaintiff significant emotional distress, crying, sleepless nights, embarrassment, humiliation of credit denials, loss of reputation and monetary loss in the form of reduction in he available credit, and being denied credit, intrusion into their privacy, an unwelcome distraction in their family life, marital stress, the chilling effect on their obtaining credit, reduction in available credit, and other ongoing and harms and losses.

4.61    Plaintiffs pray that Defendants are never allowed to engage in such acts, conduct, or business practices against any Washington consumer ever again.

## V.    FIRST CAUSE OF ACTION

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b) – as to Equifax and Trans Union)

5.1    Plaintiffs re-allege sections I through IV, inclusive as though fully set forth herein.

5.2    Equifax and Trans Union ("CRAs") violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants published and maintain concerning Plaintiff.

5.3    As a result of this conduct, action and inaction of CRAs, Plaintiffs suffered damage, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

5.4    CRAs' conduct, action and inaction were willful, rendering CRAs liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

PLAINTIFFS' COMPLAINT                    9          Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

5.5     In the alternative, CRAs were negligent, entitling Plaintiffs to recover damages under 15 U.S.C. §1681o.

5.6     Plaintiffs are entitled to recover costs and attorneys' fees from CRAs, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**VI.     SECOND CAUSE OF ACTION**

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681i – as to Equifax and Trans Union)

6.1     Plaintiffs re-allege sections I through V, inclusive as though fully set forth herein.

6.2     Equifax and Trans Union ("CRAs") violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiffs' credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

6.3     As a result of this conduct, action and inaction of CRAs, Plaintiffs suffered damage, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

6.4     CRAs' conduct, action and inaction were willful, rendering Defendants liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. §1681n.

6.5     In the alternative, CRAs were negligent, entitling Plaintiffs to recover damages under 15 U.S.C. §1681o.

6.6     Plaintiffs are entitled to recover costs and attorneys' fees from CRAs pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**VII.     THIRD CAUSE OF ACTION**

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b) – as to Fay)

7.1     Plaintiffs re-allege sections I through VI, inclusive as though fully set forth herein.

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

7.2     Creditors or furnishers of information to credit reporting agencies do not fulfill their respective duties to conduct a reasonable investigation into the accuracy and validity of a disputed account simply by reciting the information which is already contained within the consumer credit or account file. <u>Diprinzio v. MBNA America Bank, N.A.</u>, 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).

7.3     Fay violated 15 U.S.C. §1681s-2(b) by continuing to furnish information to Equifax and Trans Union ("CRAs") without also notating that the debt was disputed; by failing to fully and properly investigate the Plaintiffs' disputes of Fay's representations; by failing to review all relevant information regarding same; by failing to accurately respond to CRAs; by failing to correctly report results of an accurate investigation to another credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Fay's representations to the consumer credit reporting agencies.

7.4     As a result of this conduct, action and inaction of Fay, Plaintiffs suffered damage, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

7.5     Fay's conduct, action and inaction were willful, rendering it liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. §1681n.

7.6     In the alternative, Fay was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. §1681o.

7.7     Plaintiffs are entitled to recover costs and attorneys' fees from Fay pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

///

///

///

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

## VIII.   FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

### (Application of the Statute to Defendant Fay)

8.1     Plaintiffs re-allege sections I through VII, inclusive as though fully set forth herein.

8.2     Under the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3).

8.3     Under the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

8.4     Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

8.5     The FDCPA applies in this case because the Plaintiffs are "debtors," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and Fay is a "debt collector" which attempted to collect a debt in default at the time of purchase from the original creditor.

## IX.   FOURTH CAUSE OF ACTION

### (Fair Debt Collection Practices Act Violation – as to Fay)

9.1     Plaintiffs re-allege sections I through VIII, inclusive as though set forth herein.

9.2     Congress enacted the Fair Debt Collection Practices Act in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); <u>Evon v. Law Offices of Sidney Mickell</u>, 688 F.3d 1015, 1024 (9th Cir. 2012).

9.3     The Fair Debt Collection Practices Act is a strict liability statute, and prohibits deceptive or misleading debt collection from the perspective of the least sophisticated consumer. <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).

9.4     "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

9.5     "The false representation of the character, amount, or legal status of a debt...." violates 15 U.S.C. §1692e(2).

9.6     "The threat to take any action that cannot legally be taken or that is not intended to be taken" violates 15 U.S.C. §1692e(5).

9.7     The act *broadly* prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10). (See, <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775, 778 (9th Cir. 1982)).

9.8     15 U.S.C. §1692e(5) is violated by taking an illegal action, as well as by threatening it; see, <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.")

9.9     The FDCPA prohibits unfair and unconscionable conduct. 15 U.S.C. 1692f.

9.10    The FDCPA prohibits charging amounts not authorized by statute or agreement. 15 U.S.C. §1692f(1).

9.11    The FDCPA prohibits communicating information that the debt collector knows to be false. 15 U.S.C. §1692e(8).

9.12    In October 2017 and earlier, Fay reported information to a credit reporting agency that Fay knew to be false, in violation of 15 U.S.C. §1692e(8).

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

9.13   In October 2017 and earlier, Fay failed to indicate to the credit reporting agencies that Plaintiffs disputed the debt, in violation of 15 U.S.C. §1692e(8).

9.14   At no time did Fay indicate that to the credit reporting agencies that Plaintiffs dispute the debt, in violation of 15 U.S.C. §1692e(8).

9.15   Fay is communicating false information to the IRS that Fay knows to be false, in violation of 15 U.S.C. §1692e(8).

9.16·   Fay is attempting to collect a debt that Plaintiffs do not owe, in violation of 15 U.S.C. §1692e, e(2) e(5) and e(10), and 15 U.S.C. §1692f and f(1).

9.17   When Fay charged Plaintiffs for lender-placed insurance, Fay violated 15 U.S.C. §1692e, e(2) e(5) and e(10), and 15 U.S.C. §1692f and f(1).

9.18   When Fay threatened foreclosure of a loan not secured by any property, on a house that Plaintiffs no longer owned, Fay violated 15 U.S.C. §1692e, e(2) e(5) and e(10), and 15 U.S.C. §1692f and f(1).

9.19   Fay, therefore, violated the FDCPA.

9.20   Plaintiffs were injured by Fay's actions in that they suffered emotional distress from being the unfortunate target of Fay's unfair acts and business practices.

9.21   Fay's actions are a direct and proximate cause of Plaintiffs' injuries.

9.22   Fay's actions were intentional, unfair, unconscionable, and outrageous.

9.23   Fay's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## X.   FIFTH CAUSE OF ACTION
### (Washington Collection Agency Act Violation -- *Per Se* WCPA Violation – as to Fay)

10.1   Plaintiffs re-allege sections I through IX, inclusive as though fully set forth herein.

10.2   RCW 19.16.100(2) states that "'Collection agency' means and includes...Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

10.3    RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

10.4    RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter."

10.5    Fay is a corporation, and therefore is a "person" for purposes of the Washington State Collection Agency Act (WCAA).

10.6    Fay is a Washington-licensed Out-of-State Collection Agency and is therefore a "Collection Agency" and a "licensee" for purposes of the WCAA.

10.7    The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because a promissory note resulting from a short sale of one's residence is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

10.8    Plaintiffs are "debtors" as defined by RCW 19.16.100(11) because Defendant alleges that Plaintiffs owe a "claim."

10.9    It is a prohibited practice under RCW 19.16.250(15) to take action against Plaintiffs that it cannot legally take.

10.10   It is prohibited to collect sums or fees not legally chargeable to the debtor. RCW 19.16.250(21).

10.11   Fay violated RCW 19.16.250(15) and (21) by attempting to collect a debt that Plaintiffs do not owe.

10.12   Fay violated RCW 19.16.250(15) and (21) by charging Plaintiffs for lender-placed insurance for a house Plaintiffs no longer own.

10.13   Washington's WCPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

PLAINTIFFS' COMPLAINT                    15

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

10.14   The Collection Agency Act states that violations of RCW 19.16.250 are *per se* violations of the Washington State Consumer Protection Act.  RCW 19.16.440.

10.15   Plaintiffs spent time and money trying to stop Fay from collecting the debt Plaintiffs do not owe, billing for lender-placed insurance, and threatening foreclosure.

10.16   Fay's actions are a direct and proximate cause of Plaintiffs' injuries.

10.17   Fay's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

10.18   Fay's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors/consumers from similar harm.

## XI.   SIXTH CAUSE OF ACTION
### (Consumer Protection Act Violation – *in the alternative, against Fay*)

11.1   Plaintiffs re-allege sections I through X, inclusive as though fully set forth herein.

11.2   The WCPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

11.3   The WCPA applies to the actions at issue herein because the Plaintiffs are "consumers" and Fay is a "business," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiffs were damaged in their property by Fay's actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

11.4   In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

> ...we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.
>
> Lightfoot at 335.

PLAINTIFFS' COMPLAINT                      16         Law Office of SaraEllen Hutchison, PLLC

2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

11.5    One such federal statute which Washington courts look to in determining if a particular act is unfair under the WCPA, is the <u>Federal Trade Commission Act</u>, after which the WCPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. §45(a)(1).

11.6    The FDCPA, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violates the WCPA. 15 U.S.C. §1692 et seq.

11.7    In addition to examining federal statutes to determine if a specific act is unfair and violates the WCPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  <u>Testo v. Dunmire Oldsmobile, Inc.</u>, 554 P.2d 349 (1976) citing <u>Tradewell Stores, Inc. v. T. B. & M., Inc.</u>, 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

11.8    In <u>Testo</u>, the court stated: "The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned." <u>Testo</u> at 350.

11.9    Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if Fay violated the WCPA in the case at hand.

11.10    Under the FDCPA, it is an unfair act/practice to collect a debt that a consumer does not owe, or to engage in any other acts that are unfair or deceptive.

11.11    In this case, Fay violated the FDCPA and the Washington State Collection Agency Act by attempting to collect a debt Plaintiffs do not owe, wrongfully charging Plaintiffs for insurance and threatening foreclosure on a house Plaintiffs no longer own, among other unfair and deceptive acts.

PLAINTIFFS' COMPLAINT

17

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

11.12   Where Fay's collection attempts are unfair and deceptive acts or practices in violation of the FDCPA, the Washington State Collection Agency Act, Fay's collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

11.13   Therefore, Fay committed unfair acts or practices in the conduct of trade or commerce and violated the WCPA as codified in RCW 19.86, *et seq.,* where Fay's collection acts and practices violated the FDCPA.

11.14   Plaintiffs were injured by Fay's attempting to collect a debt Plaintiffs do not owe, wrongfully charging Plaintiffs for insurance and threatening foreclosure on a house Plaintiffs no longer own, among other unfair and deceptive acts.

11.15   Plaintiffs spent time and money because of Fay's attempting to collect a debt Plaintiffs do not owe, wrongfully charging Plaintiffs for insurance and threatening foreclosure on a house Plaintiffs no longer own, among other unfair and deceptive acts.

11.16   Fay's actions are a direct and proximate cause of Plaintiffs' injuries.

11.17   Fay's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

11.18   Fay's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors, consumers and citizens from similar harm.

## XII.   SEVENTH CAUSE OF ACTION

(Washington State Consumer Protection Act – *as to Beneficial*)

12.1   Plaintiffs re-allege sections I through XI, inclusive as though fully set forth herein.

12.2   The Washington Consumer Protection Act states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

PLAINTIFFS' COMPLAINT                    18           Law Office of SaraEllen Hutchison, PLLC
                                                                  2367 Tacoma Avenue South | Tacoma, WA 98402
                                                                  Ph (206) 529-5195 | Fax (253) 302-8486
                                                                  saraellen@saraellenhutchison.com

12.3     The WCPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Beneficial is a "business," this case involves conduct which occurred in the course of trade/commerce, the Plaintiffs were damaged in their property by Beneficial's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

12.4     Beneficial sent Plaintiff to collection with Fay for an account that Beneficial had already considered paid and closed in 2003.

12.5     On information and belief, Beneficial allowed a debt that was considered paid and closed to be sold to Fay without adequate documentation to reasonably prevent wrongful collection.

12.6     Beneficial failed to remedy the matter even after Plaintiffs spent time and money and sent Beneficial proof, with Beneficial's own documents and public record documents, that Beneficial ignored.

12.7     Beneficial then sold the account in error to Fay.

12.8     Plaintiffs believe and therefore aver that Beneficial's accounting systems are woefully disorganized and mismanaged such that thousands of Washington State consumers are in danger.

12.9     Plaintiffs believe and therefore aver that Beneficial's policies and procedures for selling consumer accounts are completely inadequate to promptly remedy Beneficial's errors.

12.10   Plaintiffs spent time and money, and even paid a lawyer to stop Beneficial from trying to collect a debt that Beneficial considered paid and closed over a decade prior, to no avail.

12.11   Beneficial's actions are a direct and proximate cause of Plaintiffs' injuries.

12.12   Beneficial's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

12.13   Beneficial's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors, consumers and citizens from similar harm.

### XIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment to be entered against Defendants as follows:

A.      For an Injunction preventing Fay and Beneficial from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

B.      For an Injunction preventing Fay and Beneficial from ever selling, transferring, or assigning this debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

C.      For an Injunction preventing Fay and Beneficial from ever collecting a debt that is not owed, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

D.      For an Injunction preventing Fay from ever reporting false information to the IRS, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

E.     For an Injunction requiring Fay and Beneficial to adopt new, improved policies and procedures for the prevention of wrongfully sending consumers to collection and foreclosure, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976)

F.     For an Injunction preventing the licensee Fay, the customer of the licensee Fay, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

G.     For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

H.     For Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et seq.;

I.     For Incidental and Consequential damages in an amount to be proven at trial;

J.     For treble Plaintiff's "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

K.     For Actual and Punitive damages in an amount to be proven at trial, pursuant to 15 U.S.C. §1681 et seq.;

L.     For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1681 et seq., 15 U.S.C. §1692 et seq. and RCW 19.86 et seq.;

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

M.   For interest on the above amounts as authorized by law;

N.   For other relief as the Court deems just and equitable;

O.   For leave to amend this complaint as needed and as required; and

P.   For leave to seek Civil Rule 23(b) status if information becomes available through discovery supporting the need for class action status.

## XIV.   REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and Washington Superior Court Civil Rule 38.

Dated this ___2nd___ day of February, 2018.

Respectfully submitted,

SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
E-mail: saraellen@saraellenhutchison.com

PLAINTIFFS' COMPLAINT                    22         Law Office of SaraEllen Hutchison, PLLC
                                                    2367 Tacoma Avenue South | Tacoma, WA 98402
                                                    Ph (206) 529-5195 | Fax (253) 302-8486
                                                    saraellen@saraellenhutchison.com