The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| STEVEN AND SHEELAGH ODSATHER,<br><br>Plaintiff,<br>v.<br><br>FAY SERVICING, LLC; et al.,<br><br>Defendants. | Case No.: 18-CV-00289-JCC<br><br>**ANSWER OF DEFENDANT FAY SERVICING, LLC**<br><br>**AFFIRMATIVE DEFENSES** |

COMES NOW, Defendant Fay Servicing, LLC ("Fay" or "Defendant"), hereby answers the Complaint Damages and Injunctive Relief for Violations of the Washington State Consumer Protection Act, and for Damages for Violations of the Federal Fair Credit Reporting Act and the Fair Debt Collection Practices Act ("Complaint") of Plaintiffs Steven and Sheelagh Odsather ("Plaintiffs") as follows:

## I. STATEMENT OF THE CASE

1.1 To the extent that Plaintiffs' allegations in the unnumbered prefatory statement are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, Fay denies that the Plaintiffs have any basis in fact or law to maintain this action against Fay.

//

//

ANSWER OF DEFENDANT FAY
SERVICING, LLC- Page 1

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142

## II. PARTIES

2.1  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.2  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.3  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.4  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.5  The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.6  The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.7  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.8  Fay admits that it is registered as a Washington Limited Liability Company under UBI No. 602843420.

2.9  The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks

the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.10 Fay admits.

2.11 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.12 Fay denies. Servicing rights for the subject loan were transferred to Fay from Beneficial on or about June 30, 2017.

2.13 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.14 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.15 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

2.16 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

//

2.17 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

## III. JURISDICTION AND VENUE

3.1 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. The extent any response is required, Fay admits that this case was property removed to this Court.

3.2 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

3.3 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

3.4 The allegations contained in the Complaint's corresponding paragraph are legal conclusions requiring no response from Fay. To the extent a response may be required, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so deny the same.

## IV. FACTS

4.1 Fay admits the facts established in the corresponding paragraph contained in Plaintiffs' Complaint.

//

4.2  The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits.

4.3  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.4  The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits a document was executed as a "note" for $10,000. Fay lacks information regarding the signing date of the document.

4.5  The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits that this language is included in the "note" but lacks the knowledge behind the intent of the language and therefore denies the same.

4.6  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.7  The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits that this language is included in the "October 22, 2002" letter but lacks the information necessary to fully respond regarding the loan(s) upon which the letter was intended to reference and therefore denies the same.

4.8  The documents referenced in corresponding paragraph speak for themselves. To the extent a response may be required, Fay admits statements are contained in loan's records however Fay lacks the knowledge regarding the Plaintiffs' state of mind and therefore denies the same.

4.9  Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.10 The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits that this language is included in the first "April 3, 2003"

letter but lacks the information necessary to fully respond regarding the loan(s) upon which the letter was intended to reference and therefore denies the same.

4.11 The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits that this language is included in the first "April 3, 2003" letter but lacks the information necessary to fully respond regarding the loan(s) upon which the letter was intended to reference and therefore denies the same.

4.12 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.13 The documents referenced in corresponding paragraph speak for themselves. To the extent a response may be required, Fay admits statements are contained in the loan's records however denies the remaining allegations contained the Complaint's paragraph.

4.14 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.15 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.16 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.17 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph regarding Plaintiffs' state of mind or thoughts. Fay further denies that the loan was sold to Fay. The servicing rights for the subject loan were transferred to Fay from Beneficial on or about June 30, 2017.

4.18 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same. Fay further denies that the "account had been sold from BENEFICIAL FINANCIAL I, INC. to Fay."

ANSWER OF DEFENDANT FAY
SERVICING, LLC- Page 6

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142

4.19 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.20 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.21 Fay admits that documents titled "Mortgage Statement" were sent to Plaintiff. Fay denies that the frequency in which the monthly statements were sent equated to "barraged" as alleged in Plaintiffs' Complaint and therefore denies the same.

4.22 Fay admits that a force-placed insurance policy was obtained. Fay denies the remainder of the allegations contained in the corresponding paragraph of Plaintiffs' Complaint.

4.23 Fay admits that they received telephone calls from Plaintiff after Fay began servicing the loan. Fay lacks the information to admit or deny the allegations regarding the content of the telephone calls referenced in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.24 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph regarding Plaintiffs' state of mind or thoughts. To the extent a response may be required, Fay denies.

4.25 Fay admits that one letter dated August 11, 2017 titled "Notice of Pre-Foreclosure Options" was sent to Plaintiffs. Fay denies the allegation of multiple notices sent to Plaintiffs in August 2017.

4.26 Fay admits that they received correspondences from Plaintiffs during September and October of 2017 regarding the status of the loan.

4.27 Fay denies.

4.28 Fay denies.

//

ANSWER OF DEFENDANT FAY
SERVICING, LLC- Page 7

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142

4.29 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph regarding when Plaintiffs obtained credit reports. Fay admits that the loan was reported as mortgage in foreclosure to credit agencies.

4.30 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.31 Fay denies.

4.32 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.33 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.34 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.35 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.36 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.37 Fay admits that the loan was reported as being past due. As for the remainder of the information contained in this paragraph of Plaintiffs' Complaint, Fay lacks the knowledge to admit or deny the allegations, and so denies the same.

4.38 Fay denies.

4.39 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.40 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.41 The November 22, 2017 letter titled "Lender-Placed Insurance Confirmation of Cancellation" was sent to Plaintiffs. To the extent that the rest of the allegations contained in the corresponding paragraph of Plaintiffs' Complaint requires a response, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.42 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph regarding Plaintiffs' state of mind or thoughts. To the extent a response may be required, Fay denies.

4.43 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.44 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.45 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.46 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.47 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.48 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.49 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.50 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph regarding Plaintiffs' state of mind or thoughts nor what date the

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142

documents were received and therefore deny the same. The document referenced in corresponding paragraph speaks for itself.

4.51 The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits.

4.52 The document referenced in corresponding paragraph speaks for itself. To the extent a response may be required, Fay admits.

4.53 Fay denies.

4.54 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph regarding Plaintiffs' state of mind or thoughts nor what date the documents were received and therefore deny the same.

4.55 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.56 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.57 Fay denies the amount of the debt being reported as "$20,000". As for the remaining allegations, Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.58 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.59 Fay denies.

4.60 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

4.61 Fay lacks the knowledge to admit or deny the allegations contained in the corresponding paragraph of Plaintiffs' Complaint, and so denies the same.

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142

## V. FIRST CAUSE OF ACTION

5.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

5.2 – 5.6 The allegations contained in these corresponding paragraphs of Plaintiffs' Complaint are in reference to other defendants or contain statements and conclusions of law to which no response from Fay is required. To the extent a response is required, Fay lacks the knowledge to admit or deny, and so denies the same.

## VI. SECOND CAUSE OF ACTION

6.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

6.2 – 6.6 The allegations contained in these corresponding paragraphs of Plaintiffs' Complaint are in reference to other defendants or contain statements and conclusions of law to which no response from Fay is required. To the extent a response is required, Fay lacks the knowledge to admit or deny, and so denies the same.

## VII. THIRD CAUSE OF ACTION

7.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

7.2 This paragraph contains statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

7.3 – 7.7 Fay denies the allegations contained in the corresponding paragraphs of Plaintiffs' Complaint.

## VIII. FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

8.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

8.2 – 8.5 These paragraphs contain statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

## IX. FOURTH CAUSE OF ACTION

9.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

ANSWER OF DEFENDANT FAY
SERVICING, LLC- Page 11

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142

9.2 – 9.11 These paragraphs contain statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

9.12 – 9.23 Fay denies the allegations contained in the corresponding paragraphs of Plaintiffs' Complaint.

## X. FIFTH CAUSE OF ACTION

10.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

10.2 – 10.10 These paragraphs contain statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

10.10 – 10.12 Fay denies the allegations contained in the corresponding paragraphs of Plaintiffs' Complaint.

10.13 – 10.14 These paragraphs contain statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

10.15 -10.18 Fay denies the allegations contained in the corresponding paragraphs of Plaintiffs' Complaint.

## XI. SIXTH CAUSE OF ACTION

11.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

11.2 This paragraph contains statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

11.3 Fay denies the allegations contained in the corresponding paragraph of Plaintiffs' Complaint.

11.4 This paragraph contains statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

11.5 – 11.10 These paragraphs contain statements and conclusions of law that require no response. To the extent a response is required, Fay denies the same.

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142

11.11 – 11.18 Fay denies the allegations contained in the corresponding paragraphs of Plaintiffs' Complaint.

## XII. SEVENTH CAUSE OF ACTION

12.1 Fay incorporates by reference, its answers to previous sections and paragraphs.

12.2 – 12.13 The allegations contained in these corresponding paragraphs of Plaintiffs' Complaint are in reference to other defendants or contain statements and conclusions of law to which no response from Fay is required. To the extent a response is required, Fay lacks the knowledge to admit or deny, and so denies the same.

## XIII. PRAYER FOR RELIEF

Paragraphs A-P, Fay denies that the Plaintiffs are entitled to any review set forth as requested in the Complaint or otherwise in this action.

## XIV. AFFIRMATIVE DEFENSES

For its affirmative defenses, Fay states as follows:

1. The Plaintiffs failed to state a claim upon which relief can be granted.
2. Some or all of the Plaintiffs' claims are barred by the applicable statutes of limitation.
3. The Plaintiffs, by their conduct, waived and/or are estopped from asserting or pursuing claims against Fay.
4. The Plaintiffs proximately and solely caused any damages allegedly sustained and accordingly, any judgment to which the Plaintiffs would otherwise be entitled should be reduced or barred as a result.
5. The Plaintiffs failed to mitigate their own damages, if any are proven at trial.
6. The Plaintiffs' damages, if any, are the fault of third parties over whom Fay had no control or right of control.

7. The Plaintiffs' damages, if any, are not actual because the Plaintiffs voluntarily, knowingly, and expressly consented to the situation that allegedly caused them harm.

8. The Plaintiffs' damages, if any, are the result of their comparative negligence or fault and are to be apportioned according to the relevant fault of the parties.

9. Pending further discovery, the Plaintiffs' claims may be, and it is therefore alleged, barred in whole or in part by defenses of laches, estoppel, release, waiver, accord and satisfaction, ratification, acquiescence, bad faith and/or unclean hands, and other equitable defenses.

10. Fay's acts and any omissions with respect to the Plaintiff were at all times in good faith, for good cause, and without intent to wrongfully deprive the Plaintiff of any benefits or favorable terms.

11. Fay reserves the right to assert any additional defenses or affirmative defenses pending further discovery, and nothing contained herein should be construed as a waiver of any such additional defenses.

12. The Plaintiffs may not seek injunctive relief against Fay because the Complaint does not comply with the requisite statutes for injunctive relief.

## XV. FAY'S REQUEST FOR RELIEF

Based on the foregoing, Fay requests the following relief:

1. Judgment in its favor and against Plaintiffs, dismissing Plaintiffs' claims in their entirety with prejudice;

2. Reasonable attorney fees and costs incurred in defending this matter; and

3. Any other such relief this Court deems just and equitable.

Dated: March 19, 2018

WRIGHT, FINLAY & ZAK, LLP

Laura N. Coughlin, WSBA #46124
Attorneys for Fay Servicing, LLC

# CERTIFICATE OF SERVICE

I am employed in the County of King, State of Washington. I am over the age of eighteen (18) and not a party to the within action. My business address is 3600 15th Avenue W, Ste 200, Seattle, WA 98119.

On March 19, 2018, I served the Answer of Fay Servicing, LLC upon the following:

[X] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Seattle, WA to the parties and addresses below. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

SaraEllen M. Hutchinson, PLLC
2367 Tacoma Ave. S.
Tacoma, WA 98402
*Attorney for Plaintiff*

Lane Powell, PC
Attn: Abraham K. Lorber and Davon John McCurdy
1420 Fifth Ave., Suite 4200
Seattle, WA 98111-9402
*Attorneys for Beneficial Financial I, Inc.*

Montgomery Purdue Blankinship & Austin PLLC
Attn: George W. Akers
701 5th Ave.
5500 Columbia Center
Seattle, WA 98104
*Attorneys for Trans Union, LLC*

Schuckit & Associates, P.C.
Attn: Katherine E. Carlton Robinson
4545 Northwestern Drive
Zionsville, IN 46077
*Pro Hoc Vice Attorneys for Trans Union, LLC*

Markowitz Herbold, PC
Attn: Jeffrey M. Edelson
1211 SW 5th Ave., Suite 3000
Portland, OR 97204
*Attorneys for Equifax*

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on March 19, 2018, at Seattle, WA.

Karina Krivenko

ANSWER OF DEFENDANT FAY SERVICING, LLC- Page 15

Wright, Finlay, & Zak, LLP
3600 15th Ave W, Ste 200
Seattle, WA 98119
PH: (206) 691-8663 / FAX: (949) 608-9142