SaraEllen Hutchison (WSBA # 36137)         THE HONORABLE JUDGE COUGHENOUR
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone:    206-529-5195
Facsimile:    253-302-8486
Email: saraellen@saraellenhutchison.com

*Attorney for Plaintiffs, STEVEN ODSATHER ET AL*

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STEVEN ODSATHER ET AL,<br><br>                    Plaintiff,<br>    v.<br><br>FAY SERVICING, LLC ET AL,<br><br>                    Defendant. | NO.  2:18-cv-00289-JCC<br><br>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY<br><br>**Noted per LCR 7(d):**<br>**Friday, November 30, 2018** |

Come Now Plaintiffs, Steven and Sheelagh Odsather ("Plaintiffs") and respectfully move this Court for an order of summary judgment against Defendant Fay Servicing, LLC as to liability under the Fair Debt Collection Practices Act at 15 U.S.C. §1692e(8). This Motion is supported by the Declaration of Steven Odsather and excerpts of PLAINTIFFS 000001 – 000248, the Declaration of Attorney SaraEllen Hutchison and Plaintiffs' Exhibit A, Excerpts of the Fed. R. Civ. P. 30(b)(6) deposition of Defendant, Exhibit B, Collection Notes, Exhibit C,

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
 (2:18-cv-00289-JCC) - 1

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

Communications, and Exhibit D, Automated Consumer Dispute Verification. A proposed order is filed herewith.

## I.     INTRODUCTION

Over forty years ago, Congress recognized that unfair debt collection threatens the peace of mind and economic stability of American families, and enacted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA") to protect consumers.

Defendant Fay Servicing, LLC ("Defendant") is a debt collector subject to the FDCPA. *See,* Hutchison Decl., Ex. A, Transcript Excerpts, Deposition of Defendant Fay Servicing, LLC through its Fed. R. Civ. P. 30(b)(6) designee Michael Paterno ("Ex. A") at page 14, ln. 16 – 20 and p. 27, ln. 9 – 17. Defendant's threats to foreclose on a home Plaintiffs sold in a short sale 16 years prior, false reporting of an unsecured deficiency note as a "mortgage" in "foreclosure," and other misrepresentations form the basis of Defendant's liability under several sections of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.,* the Washington State Consumer Protection Act, RCW 19.86 *et seq.* and the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b). For purposes of judicial economy, this motion only seeks judgment as to liability in Plaintiffs' favor under 15 U.S.C. §1692e(8) as all material facts relevant to the e(8) claim have been fully developed and it is ripe for a determination of liability. Plaintiffs reserve all other claims against Defendant for determination at a later time.

## II.     FACTS

Fay Servicing, LLC ("Defendant") is the only remaining defendant in this case. Defendant is a debt collection agency that reports to the credit reporting agencies. *See,* Ex. A at p. 14, ln. 16 – 20, p. 27, ln. 9 – 17, and at pp. 89 – 91.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 2

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

Plaintiffs sold their house in a short sale in late 2001. *See,* Odsather Decl. ("Odsather Decl.") at p. 2, ¶¶4 – 5 and PLAINTIFFS 000001. They have rented the home ever since. *See,* Odsather Decl. p. 2, ¶5. Plaintiffs signed an unsecured promissory note for a $10,000 deficiency with Beneficial Financial, Inc. (no longer a party to this action) to satisfy the short sale deficiency. *See,* Odsather Decl., p. 2, ¶7 and PLAINTIFFS 000002. Beneficial termed the instrument an "inactive charge off" for which it would not pursue legal action. *See, Id.,* p. 2, ¶7 and PLAINTIFFS 000002. Beneficial was unresponsive to Plaintiffs' efforts to make payments, and so the note was never paid. *See, Id.,* p. 2, ¶8. Beneficial claimed all records were lost and the account was settled in full. *See, Id.,* p. 2, ¶¶9 – 11 and PLAINTIFFS 000003 – 05. Beneficial threatened foreclosure on the house Plaintiffs no longer owned, but stopped after Plaintiffs disputed to Beneficial. *See, Id.,* p. 2, ¶¶12 – 14.

In 2017, Defendant began collecting the debt. *See, Id.,* p. 2, ¶¶14 – 16, PLAINTIFFS 000016 – 20 and 000030 – 38. Defendant sent Plaintiffs "mortgage" statements that included fees for "property preservation," "attorney advances," late charges and insurance. *See, Id.,* p. 3, ¶¶17 – 18 and PLAINTIFFS 000045 – 50.

In summer 2017, Defendant began pre-foreclosure collection against Plaintiffs, although it was public record that the note Defendant was collecting was not secured by any real property. *See, Id.,* p. 3, ¶¶19 – 20 and PLAINTIFFS 000053 – 61. Plaintiff Steven Odsather telephoned and emailed Defendant disputing the debt, but Defendant persisted in its collection efforts. *See, Id.,* p. 3, ¶¶24 - 29 and PLAINTIFFS 000119 – 124, and Hutchison Decl., Ex. C, Communications ("Ex. C."). Plaintiff Steven Odsather was clear with Defendant that Plaintiffs no longer owned the home and that the note was old. *See,* Hutchison Decl., Ex. B, Collection Notes ("Ex. B"), p. 4, entries dated 8/28/17 and 7/18/18, p. 3, entries dated 9/28 - 9/29/17, and p. 2, entries dated 10/18/17.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 3

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

Defendant, however, spent time on activities such as "confirming which DOT [deed of trust] to foreclose on." *Id.* at p. 2, entry dated 10/30/17. Even the homeowner Michael Ritter wrote to Defendant to state that Ritter was the homeowner. *See,* Odsather Decl., p. 3, ¶30 and PLAINTIFFS 000121.

Defendant, undeterred, sent a letter to Plaintiffs attempting to collect sums for a force-placed insurance policy. *See,* Odsather Decl., p. 3, ¶¶21 – 22 and PLAINTIFFS 000125 - 129. Defendant also issued 1099-C forms to both Plaintiffs in the amount of $10,000. *See, Id.,* p. 3, ¶ 23 and PLAINTIFFS 000248. These acts by Defendant were distressing and expensive for Plaintiffs. *See, Id.,* p. 4, ¶¶38 and 43. Plaintiffs' credit scores plummeted and Sheelagh Odsather was turned down for credit. *See, Id.,* p. 3 - 4, ¶¶31 – 37, and PLAINTIFFS 000103 – 105, 000150 – 151, 000157 – 158, 000168 – 169, 000173 – 174, 000086, 000101, 000144 and 000163.

Defendant also furnished negative information to the credit reporting agencies Equifax and Trans Union (both no longer parties to this action) that stated that the note was a "conventional mortgage" in "foreclosure" with a date of first delinquency in April 2014. *Id.* At the Fed. R. Civ. P. 30(b)(6) deposition of Defendant, Defendant's designated witness Michael Paterno testified that Defendant knew Plaintiffs disputed the debt; he was familiar with Defendant's Collection Notes (Ex. B) and could identify Plaintiffs' disputes notated therein. *See* Ex. A at p. 89, ln. 11 – 14, p. 90, ln. 1 - 3, p. 113, ln. 2 – end, p. 114, ln. 1 – 11, p. 116, ln. 22 – end, and Ex. B.  Despite Defendant knowing that Plaintiffs disputed the debt, however, Defendant did not report the account as "disputed." *See* Ex. A at p. 89, ln. 15 – 20, p. 90, ln. 21 – 25, and p. 91, ln. 2 – 10.

Defendant further explained in its deposition that its rationale for hesitating to report a debt as "disputed" is based on Defendant's desire to *first* review documentation from the consumer to assess the validity of the consumer's dispute, which according to Defendant, can

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 4

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

take some time. *See,* Ex. A, p. 117, ln. 17 -- p. 18, ln. 5. Defendant's testimony also explained that Defendant believes that if a foreclosure had been improperly commenced, and a consumer had not specifically disputed that a foreclosure occurred, Defendant could still legitimately credit report an account a "foreclosure." Ex. A, p. 137, ln. 5 – 6, and p. 137, ln. 25 -- p. 138, ln. 5, and Hutchison Decl., Ex. D, Automated Consumer Dispute Verification ("Ex. D").

Defendant also testified that if the consumer "verbally" informs Defendant that the consumer disputes a debt, that Defendant is not required to indicate that an account is disputed. Ex. A, p. 90, ln. 3 – 6. Generally, Defendant places responsibility on consumers to keep disputing credit items. Ex. A, p. 137, ln. 12 – 22.

Plaintiffs did dispute to Equifax and Trans Union. *See,* Odsather Decl. p. 4, ¶¶39 – 40 and PLAINTIFFS 000178 – 210 and 000212 – 222, Ex. A at p. 133 – 138, and Ex. D. Defendants received and responded to those disputes but never indicated that Plaintiffs disputed the debt. *See,* Odsather Decl., p. 4, ¶41 and PLAINTIFFS 000178, 000214, 000217 and 000222, Ex. A at p. 133 – 138, and Ex. D. The Automated Consumer Dispute Verification ("ACDV") form Defendant received from Equifax and filled out and returned to Equifax contained no indication that Plaintiffs dispute the debt. *Id.* Despite multiple direct disputes and credit report disputes, Defendant never indicated that the debt was "disputed" as required by 15 U.S.C. 1692e(8). Defendant waited until January 18, 2018 to delete the credit reporting. *See,* Ex. B, p. 1, entries dated 1/10 - 1/18/18. Summary judgment in Plaintiffs' favor on the e(8) claim is appropriate now.

### III. ARGUMENT

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 5

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. The Court does not weigh evidence to determine the truth of the matter, but instead "determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *F.D.I.C.. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992) *rev'd on other grounds,* 512 U.S. 79 (1994)).

A court, on a motion for summary judgment, should view all the evidence and draw inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The non-moving party cannot defeat a properly supported motion for summary judgment by simply alleging some factual dispute between the parties. *Anderson*, 477 U.S. at 247-48. Any disagreement about a material issue of fact does not preclude summary judgment; the non-movant's claim must be plausible. *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986)). Summary judgment must be granted if the non-moving party can produce nothing more than conclusory or speculative statements. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995). "The mere existence of a scintilla of evidence is likewise insufficient to create a genuine factual dispute." *Sprinkle v. SB&C LTD.*, 472 F. Supp. 2d 1235, 1240 (W.D. Wash. 2006) (citing *Anderson*, 477 U.S. at 252).

B.  **The FDCPA is a Strict Liability, Broadly Applied Remedial Statute.**

Congress enacted the Fair Debt Collection Practices Act (FDCPA) in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability,

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 6

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §1692a(6).

The FDCPA is a strict liability statute. 15 U.S.C. §1692k; *Clark v. Capital Credit & Collection Servs. Inc.,* 460 F.3d 1162, 1175 – 1177. It prohibits deceptive or misleading debt collection from the perspective of the "least sophisticated debtor." *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222 (9th Cir. 1988). "Because the FDCPA is a remedial statute aimed at curbing what Congress considered an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors – repeat players likely to be acquainted with the legal standards governing their industry – to bear the brunt of the risk." *Clark v. Capital Credit & Collection Servs. Inc.,* 460 F. 3d at 1171 – 1172.  "Requiring a violation of § 1692e to be knowing or intentional needlessly represents superfluous § 1692k(c) [….] the degree of a [debt collector's] culpability may only be considered in computing damages." *Clark*, 460 F. 3d at 1176.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY (2:18-cv-00289-JCC) - 7

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

The FDCPA does not require a showing of intent. *Baker v. GC Services Corp.,* 677 F.2d 775 (9th Cir. 1982).

**THE FDCPA APPLIES.** Here, Defendant is a debt collection agency subject to the FDCPA. *See,* Ex. A at p. 14, ln. 16 – 20, p. 27, ln. 9 – 17. Further, the parties do not dispute that the debt underlying the judgment was from a short sale on a home, which is for personal, family or household purposes. *See,* Ex. C, Communications. Further, given that Defendant issued 1099-C forms, mailed "mortgage" statements and foreclosure letters, there can be no plausible factual dispute that Plaintiffs are consumers who Defendant alleges were obligated to pay a debt.

### C. The FDCPA Prohibits False, Deceptive and Misleading Conduct

The FDCPA prohibits a number of unfair and abusive collection practices, including, but not limited to: the "false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. §1692e), and among other specific prohibitions, "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" (15 U.S.C. §1692e(8)). "Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute." *Camacho v. Bridgeport Fin. Inc.,* 430 F.3d 1078, 1082 (9th Cir. 2005).

**DEFENDANT VIOLATED SECTION E(8) OF THE FDCPA.** The undisputed material facts establish that Plaintiffs disputed the debt directly to Defendant's predecessor, and then to Defendant. Following Plaintiffs' disputes, Defendant did not communicate to the credit reporting agencies that the debt is disputed. *See,* Odsather Decl., *supra.* Defendant's own testimony, Collection Notes and ACDV response to Equifax show that it received and knew of Plaintiffs'

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 8

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

disputes, but Defendant never fulfilled its straightforward obligation under 15 U.S.C. §1692e(8) to notate the debt as "disputed."

Defendant's testimony that it was trying to figure out Plaintiffs' disputes and determine the validity of the disputes before fulfilling its responsibility to communicate that the debt is "disputed" has no merit. The statute is unambiguous, and gives debt collectors no right to insert their subjective opinion about the credibility of the consumer dispute; such a reading would completely undermine the purpose of the statute. While Defendant may parse the previous servicer's wrongful foreclosure attempts and claim that the paperwork it inherited from its predecessor was confusing, this only stresses the important policy in favor of protecting the rights of consumers in 15 U.S.C. §1692e(8). This part of the Fair Debt Collection Practices Act gives a voice to consumers who believe a debt collector is mistaken, so that the consumers are not forced to silently accept a negative mark on their credit while the debt collector, that has little incentive to believe the consumer, may or may not rectify the situation.

Defendant also cannot plausibly argue that it was excusable at any time for it to communicate to the credit reporting agencies that this debt was a "mortgage." Plaintiffs provided ample documentation that the debt was an unsecured promissory note that was considered a charge-off by the lender in 2002. Defendant knew that the debt was not a "mortgage." Defendant's reporting of the debt as a "mortgage" in "foreclosure," collection letters, and other acts expose Defendant to significant liability beyond the focus of this motion, but for purposes of judicial economy, Plaintiffs only seek judgment in their favor on the 1692e(8) claim at this time.

///

///

///

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 9

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

## IV.   CONCLUSION

For the reasons stated above, this Court should enter judgment on liability in favor of Plaintiffs against Defendant Fay Servicing, LLC pursuant to 15 U.S.C. §1692e(8), and reserve all other claims for later determination.

Dated this 7th day of November, 2018.

S//SaraEllen Hutchison
SaraEllen Hutchison, WSBA #36137
Law Office of SaraEllen Hutchison, PLLC
Attorney for Plaintiff
2367 Tacoma Avenue South
Tacoma, WA 98402
saraellen@saraellenhutchison.com
Phone: 206-529-5195
Fax: 253-302-8486


S//Robert W. Mitchell
ROBERT W. MITCHELL (WSBA #37444)
ROBERT MITCHELL, ATTORNEY AT LAW PLLC
1020 N. Washington
Spokane, WA 99201
Telephone:   360-993-5000
Facsimile:    888-840-6003
Email:          bobmitchellaw@gmail.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 10

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

S//SaraEllen Hutchison
SaraEllen Hutchison (WSBA No. 36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Ph 206-529-5195
F 253-302-8486
saraellen@saraellenhutchison.com

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY
(2:18-cv-00289-JCC) - 11

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com