SaraEllen Hutchison (WSBA # 36137)       THE HONORABLE JUDGE COUGHENOUR
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone:    206-529-5195
Facsimile:    253-302-8486
Email: saraellen@saraellenhutchison.com

*Attorney for Plaintiffs, STEVEN ODSATHER ET AL*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| STEVEN ODSATHER ET AL, | |
|---|---|
| Plaintiff, | NO.  2:18-cv-00289-JCC |
| v. | PLAINTIFFS' REPLY TO DEFENDANT FAY SERVICING, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| FAY SERVICING, LLC ET AL, | |
| Defendant. | |

Come Now Plaintiffs, Steven and Sheelagh Odsather ("Plaintiffs") and respectfully reply to Defendant Fay Servicing, LLC's ("Defendant") Response to Plaintiffs' Motion for Partial Summary Judgment.

## I.    INTRODUCTION

Defendant admits: "Fay has no policies or procedures governing the handling of an unsecured deficiency loan such as the one at issue in this case…"  Decl. of Vonterro White, Dkt. 35-1 p. 2 – 3, ¶16. Defendant admits all relevant material facts giving rise to Defendant's liability under 15 U.S.C. §1692e(8).

It also attempts to distract the Court with issues that are not dispositive to liability for §1692e(8), such as the statute of limitations on the note, and Spokeo/Article III standing issues.

Defendant raises an affirmative defense, the Bona Fide Error, that it did not plead or suggest in its Answer. *See,* Dkt. 18, p. 13-14. To support this new defense, Defendant claims that an employee failed to follow customer complaint protocol; the employee failed to send an internal company email to a superior to escalate Plaintiffs' initial telephone dispute. Despite this story, however, Defendant cannot meet its burden to prove a Bona Fide Error ("BFE") for two reasons. First, Defendant's actions were intentional; its practice is to (improperly) assess the validity of a dispute before indicating an account is in dispute, and it persistently reported the account as a "mortgage" after it was repeatedly shown that was false. A debt collector is not entitled to blindly rely on a creditor. Second, Defendant's customer complaint and credit reporting procedures are not reasonably adapted to avoid violations of 15 U.S.C. §1692e(8), as required to meet the BFE burden, and actually caused the errors that occurred. Defendant's lack of adequate FDCPA compliance procedures and misunderstanding of the law is unsurprising; its inadequate foreclosure procedures came under scrutiny by the Consumer Financial Protection Bureau in 2017, resulting in a consent order and a $1.15 million fine:

> "Respondent's failure to comply with the Mortgage Servicing Rules were, in part, <u>the result of Respondent's policies and procedures that provided no guidance or incorrectly instructed personnel</u>….In certain instances, these failures were <u>the result of Respondent not having any policies and procedures in place to ensure compliance</u> with the Mortgage Servicing Rules. In other instances, these failures were <u>the result of its mistaken understanding</u> that Regulation X only applies to Retention Applications…."

> *U.S. CFPB v. Fay Servicing, LLC*, 2017 CFPB 0014, Dkt. 1, p. 10, ¶13, and at https://s3.amazonaws.com/files.consumerfinance.gov/f/documents/062017_cfpb_ Fay_Servicing-consent_order.pdf (<u>Emphasis added</u>.)

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

Plaintiffs are entitled to summary judgment in their favor. In the event this Court is inclined to apply Defendant's untimely raised affirmative defense, however, Plaintiffs respectfully request leave to file supplemental briefing on the issue.

## II.      FACTS

In July 2017, Defendant began collecting a defaulted unsecured promissory note arising from Plaintiffs' 2002 short sale. *See,* Defendant's Response Brief, Dkt. 35 ("Defendant's Brief"), p. 1; Decl. of Vonterro White, Dkt. 35-1 ("White Decl."), p. 2, ¶9 and Defendant's Ex. B. Plaintiff Steven Odsather ("Mr. Odsather") telephoned Defendant disputing the debt on July 17, 2017. *See,* White Decl., p. 3, ¶18.  The employee who took the call waited until August 3, 2017 to email a superior, and the superior took no action. *See,* White Decl., Dkt. 35-1, p. 3, ¶18; Defendant's Ex. H, Dkt. 35-1, p. 69.

Following Defendant's internal email on August 3, 2017, Mr. Odsather spoke directly with Defendant multiple times, on August 28, September 28, and September 29, 2018, and notes state: "[Mr. Odsather] says he doesn't have a loan" and "he is asking that we pull title on his home to prove he no longer owns the home…." and "he is only upset that we are reporting incorrect information that is affecting his creditability…."  *See,* Dkt. 35-1, p. 68 – 69.

Defendant testified that it ordered a title report, with a commitment date of September 27, 2017, and that it showed the Ritters were the owners. *See,* Plaintiff's Exhibit A, Dkt. 34-4, p. 18, ln. 8 – 24. Defendant, however, continued toward foreclosure. *See,* Plaintiffs' Ex. B, Dkt. 34-5, p. 2 ("we are confirming which DOT we are to foreclose on" entry dated 10/30/17).

Meanwhile, Plaintiffs submitted credit reporting disputes. *See,* White Decl., p. 2, ¶¶ 12 – 14; Defendant's Exhibits D – F. Defendant received the disputes and responded to the credit reporting agencies. *See, Id.* The dispute responses do not indicate that the consumer disputes the

PLAINTIFFS' REPLY RE: PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
 (2:18-cv-00289-JCC) - 3

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

debt, and the responses falsely verify that the debt is a "mortgage." They also falsely state a date of first delinquency ("DOFD") of April 2014. *See, Id.*

Defendant has no procedures adapted to prevent an unsecured debt from falsely reporting as a "mortgage." *See,* White Decl., Dkt. 35-1, p. 2 - 3, ¶16; Defendant's Brief, p. 6 – 7. Among Defendant's "Loan Boarding and Servicing Transfer Policy," "Servicing Transfer Process," "Complaints Policy," "Errors," "Escalating Complaints" and "Credit Reporting" manuals, none describe a process for choosing an account type to report *other than a mortgage. See,* Defendant's Exhibit G. In "credit reporting," Defendant's system provides no option to select an account type other than "mortgage." *See, Id.* at p. 65, Sec. III.1.b.ii.

The "credit reporting" manual directs the employee to "review the information disputed and make a determination as to the validity of the dispute." *See, Id.* at p. 64. The manual describes no process by which Defendant can comply with 15 U.S.C. §1692e(8), and indicate that an account is disputed regardless of Defendant's opinion. This obligation is not described in the list of Defendant's responsibilities on page 44 of Exhibit G. And if Defendant determines it erred, it will notify the consumer, but has no procedure to comply with 15 U.S.C. §1692e(8). This is consistent with Defendant's deposition testimony that Defendant first evaluates and "confirm[s]" the dispute before marking an account as disputed. *See,* Plaintiff's Ex. A, Deposition Transcript, Dkt. 34-4, p. 17, ln. 21 to p. 18, ln. 5. Likewise, the "Complaints" manuals describe internal steps taken when a consumer "complains," but do not describe any steps Defendant takes to ensure that if a consumer disputes, Defendant will indicate the dispute when Defendant communicates credit information about the consumer to others. *See,* Dkt. 35-1, p. 48 - 57.

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant presents no evidence that contradicts Plaintiffs' lowered credit scores, credit denials, and emotional distress. Defendant's notes state that Mr. Odsather was "upset that we are reporting incorrect information." *See,* Defendant's Ex. H, Dkt. 35-1, p. 68 – 69. Under Fannie Mae guidelines, a consumer with a "foreclosure" must wait seven years before he may qualify for a conventional mortgage. *See,* "Fannie Mae Selling Guide," at https://www.fanniemae.com/content/guide/selling/b3/5.3/07.html#Identification.20of.20Signific ant.20Derogatory.20Credit.20Events.20in.20the.20Credit.20Report.

The material facts can only lead a reasonable factfinder to conclude that Defendant violated 15 U.S.C. §1692e(8), so Plaintiffs are entitled to judgment in their favor now.

### III.     ARGUMENT

#### A.   <u>Summary Judgment Standard</u>

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Genuine factual issues are those for which the evidence is such that 'a reasonable jury could return a verdict for the non-moving party.'" *Khan v. Chertoff*, No. C08-1448 RSM, 2009 U.S. Dist. LEXIS 2752, at *5 (W.D. Wash. Jan. 6, 2009) (quoting *Anderson*, 477 U.S. at 248). Summary judgment is not precluded by mere disagreement, or a bald assertion that a genuine issue of material fact exists. *Khan v. Chertoff*, No. C08-1448 RSM, 2009 U.S. Dist. LEXIS 2752, at *5 (W.D. Wash. Jan. 6, 2009). The moving party is entitled to summary judgment when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

1

2

3   **B.   The FDCPA Obligates Debt Collectors to Report Oral Disputes.**

4       The FDCPA prohibits "communicating or threatening to communicate to any person

5   credit information which is known or which should be known to be false, including the failure

6   to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8).

7       A consumer is not required to dispute a debt *in writing*. The Ninth Circuit held in

8   *Camacho v. Bridgeport Fin. Inc.,* 430 F.3d 1078 (9th Cir. 2005) that collectors who send out a

9   debt verification notice cannot require a written dispute. Oral notification is sufficient to

10  overcome the debt collector's §1692g(a)(3) assumption that the debt is valid. "Congress' intent

11  in enacting § 1692g was to provide an alleged debtor with 30 days to question and respond to

12  the initial communication of a collection agency…This purpose is further advanced by an

13  interpretation that allows such response to be in either written or oral form." *Id.* at 1082, *citing*

14  *Swanson v. S. Or. Credit Serv., Inc.,* 869 F.2d 1222, 1226 (9th Cir.1988). "Oral dispute of a debt

15  precludes the debt collector from communicating the debtor's credit information to others

16  without including the fact that the debt is in dispute." *Id.* at 1082. *See also, Brady v. Credit

17  Recovery Co., Inc.,* 160 F.3d 64, 67 (1st Cir. 1998).

18      "The FDCPA does not permit a debt collector to withhold the disputed nature of a debt,

19  even in instances where the debt collector considers that dispute invalid." *Bowse v. Portfolio

20  Recovery Assoc.*, 218 F. Supp. 3d 745, 753, (N.D. Ill. 2016). The FDCPA does not give debt

21  collectors the authority to determine unilaterally whether a dispute has merit. *Semper v. JBC

22  Legal Group,* 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005).

23      "[W]hile…a violation of §1692e must be based on a material misrepresentation, the fact

24  that a consumer has disputed a debt is always material." *Sayles v. Advanced Recovery Sys., Inc.*,

25  206 F. Supp. 3d 1210 (S.D. Miss. 2016), *aff'd*, 865 F.3d 246 (5th Cir. 2017). "Those who might

26

27

28

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

obtain and review Plaintiff's credit report would not only know the existence of the debt, but that the debt is disputed. This may affect how the Plaintiff's potential application for a loan, housing, or employment is received." *Sayles,* 206 F. Supp. 3d at 1216. "Unlike a harmless error in reporting a correct zip code…a disputed debt that a debt collector fails to report as 'disputed' may significantly affect a consumer's credit report." *Arellano v. Virtuoso Sourcing Grp., LLC*, 2017 U.S. Dist. Lexis 146884 at *9, Case No. 17-cv-00681-H-WVG (S.D. Cal., September 11, 2017).

**HERE, DEFENDANT VIOLATED §1692e(8).** Defendant's response, similar to the consent order in *U.S. CFPB v. Fay Servicing, LLC, supra,* reveals a "mistaken misunderstanding" of the laws that govern it. It is undisputed that Plaintiffs disputed the debt multiple times, first during the initial 30-day verification window. The fact that Plaintiffs' first few disputes were oral did not entitle Defendant to assume the debt was valid forever thereafter and thus relieve Defendant of its obligation to comply with §1692e(8). It is well settled that an oral dispute is sufficient to protect the consumer. Defendant also was not relieved of its duty to abide by §1692e(8), and indicate the account was "disputed" credit information, just because it disagreed with Plaintiffs.

Regarding Defendant's persistent false reporting of the unsecured debt as a "mortgage," §1692e(8) clearly states the debt collector must not "communicate credit information which is known or which should be known to be false." (Emphasis added.) Defendant's assertion that it did not know the debt was unsecured and not a mortgage, *see,* White Decl., p. 3, ¶17, is implausible and misleading. Deeds of trust and reconveyances are public record information that a business such as Defendant is fully capable of researching. Indeed, Defendant testified at deposition that it ordered a title report, with a commitment date of September 27, 2017, and that it showed Ritter owned the property. *See,* Plaintiff's Exhibit A, Dkt. 34-4, p. 18, ln. 8 – 24.

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

Defendant, however, continued to prepare to foreclose. *See,* Plaintiffs' Ex. B, Dkt. 34-5, p. 2 ("we are confirming which DOT we are to foreclose on" entry dated 10/30/17). Furthermore, Plaintiffs repeatedly told Defendant that the debt was unsecured and provided copies of the original promissory note in their direct disputes and credit reporting disputes. *See,* Defendant's Ex. H, Dkt. 35-1, p. 68 – 69; Decl. of Steven Odsather, Dkt. 34-1. It is not reasonably disputable that Defendant knew (or should have known) the debt was not a "mortgage."

The §1692e(8) violations are also material misrepresentations. Plaintiffs allege that they suffered both economic and non-economic damages based on Defendant's false credit reporting. An unsecured debt reported as "mortgage" is material to the harms Plaintiffs suffered, and is certainly not benign or disconnected from the harm like an incorrect zip code may be.

THE INSTRUMENT HAS NO BEARING ON §1692E(8) LIABILITY. As the above misconduct by Defendant is sufficient to establish Defendant's liability under §1692e(8), this Court need not determine whether the statute of limitations on the debt has expired, or make extensive inquiry into Washington State case law, so Plaintiffs will address this only briefly. Under the terms of the original promissory note, the creditor agreed to "not pursue legal action for the remainder balance." *See,* White Decl., Dkt. 35-1, p. 12. Rev. Code of Wash. 64.04.007, which Defendant does not cite, provides that if the mortgagee releases its security interest, and "intends to pursue collection of the outstanding debt, it must initiate a court action to collect the remaining debt within three years from the date on which it released its deed of trust or mortgage in the owner-occupied real property or else <u>it forfeits any right to collect the remaining debt</u>." (<u>Emphasis added</u>.) No court action was ever initiated, and more than three years have passed. The debt is uncollectible. Plaintiffs reserve the issue of Defendant's reporting an incorrect date of first delinquency (and all other claims) for later determination.

PLAINTIFFS' REPLY RE: PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
 (2:18-cv-00289-JCC) - 8

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

1

2

**C.   A Debt Collector That Repeatedly Ignores Facts Cannot Claim Bona Fide Error.**

The FDCPA is a strict liability remedial statute that must be liberally construed to protect consumers. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995); *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). Intent is not an element of establishing liability under the FDCPA. *See, Clark v. Capital Credit & Collection Serv.,* 460 F. 3d 1162, 1176 (9th Cir. 2006) ("intent is only relevant to the determination of damages"); *see also, Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1239 (5th Cir. 1997) ("the fact that violations were innocuous and not abusive may be considered only in mitigating liability, and not as defenses.")  Allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous. *Clark*, 460 F.3d at 1176.

The FDCPA contains a single affirmative defense, the Bona Fide Error. 15 U.S.C. §1692k(c) ("BFE").  The BFE is a "narrow exception to strict liability." *Clark* at 1177.  It is an "affirmative defense, for which the debt collector has the burden of proof." *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994).  The BFE defense applies only to clerical errors. *Baker v. GC Services Corp.,* 677 F.2d 775, 779 (9th Cir. 1982). *See also*, *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001). The BFE does not apply to errors of law. *Baker, supra*; *Marchant v. U.S. Collections West, Inc.,* 12 F. Supp. 2d 1001 (D. Ariz. 1998). Even a clerical error does not create a BFE if the debt collector can easily overcome the error. *See, e.g., Holmes v. NCO Fin. Services, Inc.*, 538 Fed. Appx. 765 (9th Cir. 2013) (not for publication) (debt collector failed to click the correct button in its computer system).

The defense does not protect a debt collector whose reliance on a creditor's representation is unreasonable. *Reichert v. National Credit Systems, Inc.,* 531 F. 3d 1002, 1006 (9th Cir. 2008) (*citing Clark*, 460 F.3d at 1177). *See also, McCollough v. Johnson, Rodenburg &*

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

*Lauinger, LLC*, 637 F.3d 939, (9th Cir. 2011); *Brandt v. Columbia Credit Services et al,* 2:17-cv-703-RSM, 2018 U.S. Dist. LEXIS 62297, (W.D. Wash. April 12, 2018) (No BFE where debt collector repeatedly failed to investigate into the consumer's claims and continued to garnish after consumer provided documentation); *Fangsrud von Esch v. Legacy Salmon Creek Hospital et al,* No. 17-35659, 2018 U.S. App. LEXIS 25976 (9th Cir., September 13, 2018) (not for publication) (No BFE where debt collector "attempted to collect more than what was owed, continued to do so after Plaintiffs and their attorney told [the debt collector] about the error, [and] improperly threatened a lawsuit without adequate inquiry").

"The fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes." *Reichert,* 531 F. 3d at 1007. Accordingly, BFE requires the debt collector to affirmatively demonstrate "the maintenance of procedures reasonably adapted to avoid any such error." *Id* at 1006. A debt collector fails to meet its burden under the defense when it fails to produce evidence of "reasonable preventive procedures" aimed at avoiding the errors at issue. *Id*. The defense does not protect a debt collector if the collector's very policies and procedures violate the Act. *See, e.g., Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995).

HERE, DEFENDANT FAILS TO MEET ITS BURDEN TO ESTABLISH BONA FIDE ERROR. The undisputed material facts are: Defendant does not have any procedure reasonably adapted to avoid the very errors at issue here. Whether or not its employee sent an email to his or her supervisor in the time frame prescribed by "customer complaint" procedure makes no difference. In the face of multiple disputes, Defendants chose deliberately to report the account falsely.

PLAINTIFFS' REPLY RE: PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
 (2:18-cv-00289-JCC) - 10

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

1   To attempt to explain what it did as a "bona fide error," and perhaps rehabilitate its

2   deposition testimony, Defendant submits several manuals with its response to serve as its

3   "procedures," along with an explanation that its actions were "unintentional." These fall far

4   short of Defendant's burden to prove a bona fide error. The manuals describe no process by

5   which Defendant can comply with §1692e(8). In fact, Defendant's own procedures violate the

6   FDCPA. "Fay has no policies or procedures governing the handling of an unsecured deficiency

7   loan such as the one at issue in this case…"  White Decl., Dkt. 35-1, p. 2 – 3, ¶16.

8       Defendant also cannot plausibly claim that its actions were unintentional or a mere

9   clerical error. Much like the consumers in *Reichert, McCollough, Brandt* and *Fangsrud von*

10  *Esch, supra,* Plaintiffs repeatedly disputed, yet the debt collectors chose to believe the creditors

11  over the consumers. Defendant blames Beneficial, but that argument failed in *Brandt* and

12  *Fangsrud von Esch*. Defendant repeatedly ignored Plaintiffs' disputes at Defendant's peril.

### D. Plaintiffs Have Standing And Suffered Actual Damages.

    The FDCPA provides for economic and non-economic damages. 15 U.S.C. §1692k(a);

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011). Proof

of actual damages is not required to establish liability for statutory damages.  *Volden v.*

*Innovative Fin. Sys., Inc.*, 440 F.3d 947 (8th Cir. 2006). A §1692e(8) violation confers Article III

standing:   "[T]he FDCPA's procedural requirement that debt collectors accurately report

disputed debt as disputed was intended to protect Plaintiff's substantive right in being free from

abusive debt collection practices." *Arellano v. Virtuoso Sourcing Grp., LLC*, 2017 U.S. Dist.

Lexis 146884, Case No. 17-cv-00681-H-WVG (S.D. Cal., September 11, 2017) *citing Sayles v.*

*Advanced Recovery Sys., Inc.*, *supra*.

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com

Here, Defendants falsely reported a "mortgage" and failed to indicate Plaintiffs' dispute. Not only are these material misrepresentations that infringed on Plaintiffs' substantive right under the FDCPA to have the truth told about them, it significantly impacts their economic and emotional wellbeing. Plaintiffs absolutely have standing and damages.

## IV.   CONCLUSION

Plaintiffs are quite concerned, on behalf of consumers in Washington State and beyond, that Defendant has learned little about adequate compliance procedures and fair business since the entry of the consent order in *U.S. CFPB v. Fay Servicing, LLC*, 2017 CFPB 0014. For this, and the reasons stated above, this Court should enter judgment on liability in favor of Plaintiffs against Defendant Fay Servicing, LLC, pursuant to 15 U.S.C. §1692e(8), and reserve all other claims for later determination.

Dated this 30th day of November, 2018.

S//SaraEllen Hutchison
SaraEllen Hutchison (WSBA No. 36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Ph 206-529-5195
F 253-302-8486
saraellen@saraellenhutchison.com

S//Robert W. Mitchell
ROBERT W. MITCHELL, WSBA #37444
ROBERT MITCHELL, ATTORNEY AT LAW PLLC
1020 N. Washington
Spokane, WA 99201
Telephone:      360-993-5000
Facsimile:      888-840-6003
Email:          bobmitchellaw@gmail.com

*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 30, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

<u>S//SaraEllen Hutchison</u>
SaraEllen Hutchison (WSBA No. 36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Ph 206-529-5195
F 253-302-8486
saraellen@saraellenhutchison.com

PLAINTIFFS' REPLY RE: PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY
 (2:18-cv-00289-JCC) - 13

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486
saraellen@saraellenhutchison.com