THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STEVEN and SHEELAGH ODSATHER, | CASE NO. C18-0289-JCC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| FAY SERVICING, LLC, | |
| Defendant. | |

This matter comes before the Court on the parties' telephonic motion seeking an expedited ruling on a discovery dispute. The parties have filed letter briefs in support of their respective positions. (Dkt. Nos. 42, 43.) Having thoroughly considered the parties' arguments, the Court makes the following ruling.[1]

Pursuant to Federal Rule of Civil Procedure 30(b)(1), Plaintiff wishes to take the deposition of one of Defendant's employees, Madelyn Feliciano. (Dkt. No. 42.) Plaintiff asserts that Ms. Feliciano is subject to a notice deposition because she is a "managing agent" under the Rule 30 standard, and her testimony is necessary to establish that Defendant willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n. (*Id.*) Defendant argues that Ms. Feliciano is not subject to a notice deposition because she is not a managing agent and other

---

[1] This ruling is made pursuant to Local Civil Rule 7(i) and the Court's established procedures for expedited discovery rulings. The parties have agreed to these procedures.

ORDER
C18-0289-JCC
PAGE - 1

persons within the company should be deposed instead. (Dkt. No. 43 at 1.)

Pursuant to Rule 30(b)(1), the officers, directors, and managing agents of a corporate party are subject to deposition by notice. *See Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 516 (D. Idaho 2013); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i). District courts consider several factors to determine whether an employee is a "managing agent," including:

> 1) whether the individual is invested with general powers allowing [her] to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at [her] employer's request, in response to the demand of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation.

*Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985) (citation omitted). The party seeking discovery has the burden of proving that an employee is a "managing agent," but that burden "is a modest one, and doubts about an individual's status as 'managing agent,' at the pretrial discovery stage, are resolved in favor of the examining party." *Calderon*, 290 F.R.D. at 516 (citing *United States v. Afram Lines*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994)).

Here, the Court finds that Ms. Feliciano is a managing agent for the purpose of allowing a Rule 30(b)(1) deposition. As an automated consumer dispute operator, Ms. Feliciano appears to have had discretion about how to communicate Plaintiffs' debt information to the credit reporting agencies. (*See* Dkt. Nos. 34-7, 35-1 at 17–23.) While Ms. Feliciano was not a manager or supervisor, her general responsibilities were highly relevant to this litigation. Defendant's submission of allegedly inaccurate debt information to Transunion and Equifax—which was done by Ms. Feliciano—goes to the heart of Plaintiffs' FCRA claim; specifically, as to whether Defendant's alleged violation was willful or merely negligent. Although Defendant states that "[o]ther persons with more knowledge and actual authority are available," to provide a deposition, Defendant's first Rule 30(b)(6) witness could not provide specific answers about Ms.

Feliciano's actions regarding her processing of Plaintiffs' credit reporting disputes. (*See generally* Dkt. No. 34-4.) Finally, Ms. Feliciano and Defendant do not share adverse interests, such that she could not be relied on to testify as a managing agent. *See In re Honda Am. Motor Co., Dealership Relations Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996) (describing the "paramount test" in the managing agent inquiry as "whether the individual can be expected to identify with the corporation's interests as opposed to an adversary's.").

Pursuant to Rule 30(b)(1), Plaintiff shall be allowed to take Ms. Feliciano's deposition. The Court reserves ruling on whether Ms. Feliciano's testimony will ultimately bind Defendant at trial. Ms. Feliciano's deposition shall be taken no later than January 28, 2019, which is the current discovery deadline.

DATED this 10th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0289-JCC
PAGE - 3